UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LON R. SWEENEY KENNEDY, ) | |
| ) | |
| Plaintiff, ) | Case: 1:16-cv-01122  Jury Demand |
| ) | Assigned To : Unassigned |
| v. ) | Assign. Date : 6/15/2016 |
| ) | Description: Pro Se Gen. Civil (F Deck) |
| PARALYZED VETERANS OF AMERICA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the Court upon consideration of plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The application will be granted, and the complaint will be dismissed.

According to plaintiff, he has been denied veterans benefits for several reasons, including the loss or destruction of his medical records and an identity thief who collected benefits intended for plaintiff since 1991. In addition to $6.1 billion in punitive damages, plaintiff demands all the military benefits he is entitled to receive.

The Secretary of Veterans Affairs "shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans." 38 U.S.C. § 511(a). The Secretary's decision "as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court[.]" *Id.* Therefore, this federal district court does not have jurisdiction over matters relating to veterans benefits. *See Price v. United States*, 228 F.3d 420, 421-22 (D.C. Cir. 2000) ("As amended by the Veterans Judicial Review Act . . . , the Veterans' Benefits Act of 1957 . . . precludes judicial review in Article III courts of VA decisions affecting

the provision of veterans' benefits") (per curiam), *cert. denied*, 534 U.S. 903 (2001); *Jones v Nicholson*, No. 1:07-CV-165, 2011 WL 2160918 (M.D. Ga. June 1, 2011) (dismissing for lack of subject matter jurisdiction veteran's claim for benefits); *Peavey v. Holder*, 657 F. Supp. 2d 180 (D.D.C. 2009) (dismissing challenge to VA's decisions on claim for benefits notwithstanding veteran's "attempts to avoid application of § 511 by labeling his claims as constitutional claims").

The Court will dismiss the complaint for lack of subject matter jurisdiction. An Order is issued separately.

DATE: 6/13/16

_____
United States District Judge